UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JACOB DRAKE,

        Plaintiff,

vs.                                CASE NO.:

FOCUS HEALTH, INC., formally known
as FOCUS BEHAVIORAL HEALTH,
INC., a Florida For Profit Corporation,
and MICHAEL BOJKOVIC, Individually,

        Defendants.       /

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JACOB DRAKE, by and through the undersigned attorney, sues the Defendants, FOCUS HEALTH, INC., a Florida For Profit Corporation, and MICHAEL BOJKOVIC, Individually, and alleges:

1. Plaintiff, JACOB DRAKE, was/is an employee of Defendants and brings this action for unpaid overtime compensation, liquidated damages, and all other applicable relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

### General Allegations

2. Plaintiff, JACOB DRAKE was/is an employee who worked for Defendants within the last three years in Pinellas County, Florida.

3. Plaintiff, JACOB DRAKE, worked for Defendants as a salary paid employee making $1,550.00 bi-weekly ($775 weekly).

4. Plaintiff, JACOB DRAKE, was employed remotely with the responsibility of assigning medical patients to doctors that handle the specific medical issue the patient is experiencing.

1

5. Plaintiff, JACOB DRAKE, in performing his duties exercises no discretion in his job capacity as the assigning of patients to doctors is completely linear with regards to decision making.

6. Plaintiff, JACOB DRAKE, is a non-exempt employee and therefore entitled to overtime compensation for any overtime hours worked.

7. Defendant, FOCUS HEALTH, INC., is a Florida for profit Corporation that operates and conducts business, among others, in Pinellas County, Florida and is therefore, within the jurisdiction of this Court.

8. At all times relevant to this action, MICHAEL BOJKOVIC was an individual resident of the State of Florida, who owned and operated FOCUS HEALTH, INC., and who regularly exercised the authority to: (a) hire and fire employees of FOCUS HEALTH, INC.; (b) determine the work schedules for the employees of FOCUS HEALTH, INC., and (c) control the finances and operations of FOCUS HEALTH, INC.. By virtue of having regularly exercised that authority on behalf of FOCUS HEALTH, INC., MICHAEL BOJKOVIC is/was an employer as defined by 29 U.S.C. § 201, et seq.

9. This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

10. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA.

11. During Plaintiff's employment with Defendants, Defendant, FOCUS HEALTH, INC., earned more than $500,000.00 per year in gross sales.

12. Defendant, FOCUS HEALTH, INC., employed approximately 5 (five) employees and paid these employees plus earned a profit from their business.

13. During Plaintiff's employment, Defendant, FOCUS HEALTH, INC., employed at least two employees who handled goods, materials and supplies which travelled in interstate commerce, such as computers, laptops, cellphones, and other items used to run the business.

14. Therefore, at all material times relevant to this action, Defendant, FOCUS HEALTH, INC., was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## FLSA Violations

15. At all times relevant to this action, Defendants failed to comply with the FLSA because Plaintiff performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff for all overtime hours worked.

16. During his employment with Defendant, Plaintiff was not paid time and one-half his regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

17. Based upon these above policies, Defendants have violated the FLSA by failing to pay complete overtime pay.

18. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

19. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-18 above as though stated fully herein.

20. Plaintiff is/was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

21.     During his employment with Defendants, Plaintiff worked overtime hours but was not paid time and one-half compensation for same.

22.     Plaintiff was paid his regular weekly rate ($775.00) for forty (40) hours worked during the workweek (Monday – Friday).

23.     Additionally, Defendants routinely offered Plaintiff an extra $250.00 per week if Plaintiff was willing to be "on call" over the weekends.

24.     Plaintiff alleges that work stemming from the "on call" weekends routinely necessitated up to nineteen (19) hours of additional work.

25.     However, Defendants would not compensate Plaintiff any overtime compensation for the work done in excess of forty (40) hours per week. Instead, Defendants told Plaintiff that regardless of how many hours worked "on call", he would only receive the $250.00 for agreeing to work "on call".

26.     Due to this policy, Defendants have failed to provide accurate overtime compensation for numerous pay periods.

27.     Defendants did not have a good faith basis for their decision not to pay Plaintiff full overtime compensation.

28.     As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work week, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

29.     As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

30.     Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, JACOB DRAKE demands judgment against Defendants for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 16 day of May, 2017

/s/ Matthew R. Gunter
Matthew R. Gunter, Esq.
FBN 0077459
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 867-4791
Email: mgunter@forthepeople.com
Attorneys for Plaintiff